IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VAUGHN MITCHELL,<br>   Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-CV-393 |
| COASTLINE CAPITAL FUND 7, LLC<br>   Defendant. | §<br>§<br>§ | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE CHIEF JUDGE LEE H. ROSENTHAL:

COMES NOW Vaughn Mitchell, Plaintiff herein, filing this his First Amended Complaint complaining of Coast Line Capital Fund 7, LLC, Defendant herein, and for causes of action would respectfully show the Court as follows:

### PARTIES

1. Vaughn Mitchell is an individual who resides in Harris County, Texas and may be served with process on the undersigned legal counsel.

2. Coastline Capital Fund 7, LLC. is now the Defendant due to the Court granting a Motion to Substitute (document 6) in this State Court Action that had been removed by the previous Defendant to federal court, but has yet to answer.

### JURISDICTION AND VENUE

3. The parties agree that this Court has personal and subject matter jurisdiction over this matter.

### RELEVANT FACTS

4. The subject matter of the lawsuit is the real property and the improvements thereon located at 505 Marleen Street, Houston, TX 77034 (the "Property").

5. The Property was owned by Vaughn Mitchell ("Mitchell") and his wife Nora Livas Mitchell [subsequently deceased] in 2003 on which date Mitchell entered into a Home Equity Loan. During the process of entering into the Home Equity Loan, Mitchell executed a Texas Home Equity Security Instrument ("Security Instrument") in the amount of $69,750.00 which was payable to New Century Mortgage Corporation. A true copy of the Security Instrument is attached hereto as Exhibit "1" and incorporated herein for all purposes.

6. Upon further information and belief, the Security Instrument was transferred to U.S. Bank, N.A. ("U.S. Bank") and then GITSIT Solutions, LLC and then finally to Coastline Capital Fund 7, LLC which also services the loan.

7. Mitchell subsequently began to have financial difficulties. Realizing that he may soon become in default on his mortgage payments, Mitchell began contacting U.S. Bank to discuss loss mitigation options.

8. Due to the nature and extent of Plaintiff's perceived delinquency, U.S. Bank filed its Plaintiff's Original Complaint on a Home Equity Loan which case is styled Cause No. 4:21-cv-1801;U.S. Bank National Association, not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust VII (NPL) v. Vaughn Mitchell, Denise Garcia Martinez, Veronica De La Cruz Luna; In the United States District Court for the Southern District of Texas – Houston Division (the "Foreclosure Lawsuit").

9. The Foreclosure Lawsuit culminated in a Partial Default Order as to Defendant Vaughn Mitchell "Partial Default Order'; however, the Order was never signed. A copy of the unsigned Partial Default Order is attached hereto as Exhibit "2" and incorporated herein for all purposes.

10. Since an Order has yet to be signed, U.S. Bank does not have the authorization to foreclose on the property.

11. Regardless, Mitchell never received a copy of a Foreclosure Notice from U.S. Bank. Instead, the undersigned legal counsel provided Mitchell with a Notice of Foreclosure Sale thereby informing Mitchell that U.S. Bank is going to sell his Property at a foreclosure sale on February 1, 2022. A true and correct copy of the Notice of Foreclosure Sale is attached hereto as Exhibit "3" and incorporated herein for all purposes.

12. Accordingly, Plaintiff alleges that U.S. Bank is about to wrongfully sell the Property at a foreclosure sale on February 1, 2022 in violation of Mitchell's due process rights, the Texas Rules of Civil Procedure §736, the Texas Property Code, and the Security Instrument.

### FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

13. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 12 as if set forth fully herein.

14. Plaintiff seeks a determination that with the present foreclosure, Defendant failed to properly follow the procedures as set forth in the Security Instrument, the Texas Property Code, the Texas Constitution, and Texas Rules of Civil Procedure §736.  Specifically, U.S. Bank failed to provide proper notice and opportunity to cure pursuant to Texas Property Code §51.002.

15. Further, Plaintiff seeks a determination that the pending foreclosure sale of his real property is wrongful because Defendant was enjoined from taking any action whatsoever to foreclose on Plaintiff's Property without first complying with the Texas Property Code and the Partial Default Order.

### A.  Notice of Trustee's Sale

16.  Section 51.002 of the Texas Property Code governs the sale of real property under deeds of trust or other contract liens. Tex. Prop. Code Ann. § 51.002 (West); Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 569 (Tex. 2001).  In particular, section 51.002(d) provides that "[n]otwithstanding any agreement to the contrary, the mortgage servicer ... shall serve a debtor in default ... with written notice by certified mail stating that the debtor is in default ... and giving the debtor at least 20 days to cure the default before notice of the sale can be given." Id. § 51.002(d). Section 51.002(b) states that notice of sale, in turn, must be given at least twenty-one days before the date of the sale and specifies various locations where the notice must be made available. Id. §§ 51.002(b)(1)-(3).  In addition to the minimum statutory requirements, the deed of trust executed by the debtor-mortgagor usually details the agreed contractual terms and conditions for foreclosure of real property.

### B.  Amount of Debt

17.  If the note secured by the property is an installment note payable in periodic payments, acceleration of an installment debt requires demand be made and an opportunity to cure the default be given.  If the notice does not inform prospective bidders of the terms, conditions and amounts of the outstanding indebtedness, it can be argued the notice is ipso facto invalid.  Even strong supporters of creditor's rights suggest the better practice is to detail the default to the extent necessary to provide the mortgagor an opportunity to cure the default in the notice of sale. See Baggett, Texas Foreclosure Law and Practice, § 2.27 (1984).

### C.  Lack of Authority

18.  Section 736.9 of the Texas Rules of Civil Procedure governs the Effect of an Order Authorizing a Foreclosure under TRCP 736. However, to have the authorization to

foreclose on a Section 50(a)(6) loan, a lender must first obtain an Order authorizing such pursuant to TRCP 736. As there was no signed order from the Foreclosure Suit, Plaintiff seeks a determination on whether U.S. Bank had the right to pursue a foreclosure at the time of the sale.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

19. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

20. The actions committed by Defendant constitute breach of contract because:

   A. There exists a valid, enforceable contract between Plaintiff and Defendant;

   B. Plaintiff has standing to sue for breach of contract;

   C. Plaintiff performed, tendered performance, or was excused from performing his contractual obligations;

   D. Defendant breached the contract; and

   E. The breach of contract by Defendant caused Plaintiff's injury.

## THIRD CAUSE OF ACTION:
## VIOLATION OF TEXAS PROPERTY CODE §51

22. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 21 as if set forth fully herein.

23. Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the

noteholder is also required to give the homeowners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

24. The actions committed by Defendant constitutes violations of the Texas Property Code §51 because Defendant never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Defendant to foreclose on its lien rights to the Property.

## FOURTH CAUSE OF ACTION:
## VIOLATIONS OF TEXAS RULES OF CIVIL PROCEDURE §736

25. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 24 as if set forth fully herein.

26. Pursuant to the provisions of the TRCP, the holder of a note must obtain a court order to foreclose on a Section 50(a)(6) note before going through the foreclosure process.

27. The actions committed by Defendant constitutes violations of the TRCP§736 because Defendant never obtain a signed court order authorizing foreclosure under TRCP§736 which is required in order for Defendant to foreclose on its lien rights to the Property.

## SIXTH CAUSE OF ACTION:
## BREACH OF DUTY OF COOPERATION

28. To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 27 as if set forth fully herein.

29. Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its

duties under the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied).

30. As described above, Defendant did not respond to Mass with the information needed to properly perform the obligations of the Loan or to extend his obligations under the Note. Furthermore, their inaction was an intentional act designed to trigger the default interest rate. Defendant has therefore breached the implied duty of cooperation. Plaintiff has suffered damages as a result as described in the Damage section below.

## DAMAGES:
## ACTUAL DAMAGES

31. Plaintiff is entitled to recover his actual damages from Defendant for which Plaintiff plead in an amount which does not exceed the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

32. Plaintiff is entitled to recover his exemplary damages from Defendant for which Plaintiff plead in an amount which does not exceed the jurisdictional limits of this Court.

## ATTORNEYS' FEES

33. Plaintiff were forced to employ the undersigned attorneys to represent him and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

34. All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

A.     Defendant be cited to appear and answer herein; and

B.     Upon final hearing or trial hereof, the Court order the default judgment allowing Defendant to foreclose on Plaintiff's Property be set aside and schedule a new trial in the matter as well as a judgment in favor of Vaughn Mitchell against Coastline Capital Fund 7, LLC for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

VILT AND ASSOCIATES - TX, P.C.

By:    /s/ *Robert C. Vilt*
ROBERT C. VILT
Texas Bar Number 00788586
S.D. Bar No.   20296
Email: clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:   713.840.7570
Facsimile:   713.877.1827
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2022 the foregoing was filed with the Court via the CM/ECF system and that the Clerk of the Court will forward a copy of same to the following CM/ECF users:

Mark D. Cronenwett
Nicholas M. Frame
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Ste 900
Dallas, TX 75254

By:    */s/ Robert C. Vilt*
ROBERT C. VILT